UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN LEE WEISMAN, | CASE NO. 2:25-cv-00222-LK |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| SAMUEL JOHN PAPARO, JR., | |
| Defendant. | |

This matter comes before the Court on Defendant Samuel Paparo, Jr.'s motion to dismiss Plaintiff Warren Weisman's complaint for failure to state a claim. Dkt. No. 18. For the reasons set forth below, the Court grants the motion and dismisses the complaint without leave to amend.

## I.    BACKGROUND

Mr. Weisman initiated this action in January 2025, Dkt. No. 1, and he was granted leave to proceed *in forma pauperis* shortly thereafter, Dkt. No. 4. In his pro se petition for a writ of mandamus, Mr. Weisman contends that he was an enlisted sailor with the Navy in 1990, and after he "sought conscientious objector status against the Persian Gulf War" in 1991, he was "summarily discharged under 'other than honorable' status in lieu of court-martial[.]" Dkt. No. 5 at 2–3.

1    Mr. Weisman alleges that he was subsequently contacted by "a naval secret society known

2    as 'Shellbacks,'" which had been tracking him through the books he borrowed from the library.

3    *Id.* at 3. He further alleges that he was then reinstated to active duty, and served as an "investigating

4    officer" of a complaint brought by a former Navy Commander. *Id.* According to Mr. Weisman, a

5    Naval board subsequently determined that the Gulf War was "the product of secret collusion

6    between President George H.W. Bush and Saddam Hussein," brokered by a Saudi prince. *Id.* The

7    board also "authorized U.S. Military Counter Controlled Environment Command to conduct the

8    televised events of September 11, 2001 under 18 U.S.C. § 1038 False information and hoaxes,"

9    including using fake concrete dust and "crisis actors." *Id.* at 4–5.

10    As relief, Mr. Weisman seeks an order requiring Defendant "to reinstate [him] to active

11    duty in the United States Navy at the rank of captain (0-6), with backpay at rank to 1991 enlisted

12    discharge date, to serve indefinitely as commanding officer of the aircraft carrier USS

13    Independence (CV-62), and be authorized to hand pick crew and aviators." *Id.* at 7–8. In addition,

14    he requests that the USS Independence "be assigned to PSNS Bremerton to serve as Holocaust

15    survivor psychiatrist Viktor Frankl's 'Statue of Responsibility-West' opposite the Statue of

16    Liberty in New York proposed in his book Man's Search for Meaning, composed as an inmate at

17    Auschwitz." *Id.* at 8.

18    Defendant moves to dismiss the complaint with prejudice pursuant to Federal Rule of Civil

19    Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2), contending that Mr. Weisman's factual allegations

20    are precisely the type of "'delusional scenarios' that a district court must dismiss under Section

21    1915(e)(2)(B) when the plaintiff's costs are being borne by the public." Dkt. No. 18 at 1, 4. Mr.

22    Weisman responded with a response brief and three letters. Dkt. Nos. 19, 25–27. Those filings

23    double down on his outlandish assertions, alleging among other things that "[t]he Office of Naval

24    Intelligence investigation into the 1991 Persian Gulf War found then-President George H.W. Bush

to have been in secret collusion with Saddam Hussein to orchestrate the invasion of Kuwait and U.S. military intervention." Dkt. No. 19 at 4. He also alleges that unnamed actors have treasonously manipulated this country's bond rating, and that the CEO of JPMorgan Chase "remains available" to help him rectify this issue. *Id.* at 4–6. He further contends that Defendant's motion to dismiss "is in bad faith to suppress a claim of treason against the United Sates supported by physical evidence as 'frivolous'"; the referenced physical evidence is a poster at "FMC Butner, North Carolina" that, according to Mr. Weisman, "support[s] the original complaint." *Id.* at 2 (capitalization omitted; alleging that the poster "show[s] 'Arrest' as first step of the legal process instead of 'Complaint,' an overt act of presumption of guilt before proven innocence"). His response brief seeks

> restoration to active-duty Navy Captain O-6 status to have lawful authority to act as Comptroller of the Currency to remedy America's bond rating, to implement the Court Reform Act to reattach the U.S. Code Service to the Constitution through 18 U.S.C. Chapter 115, and prosecute those who participated in and allowed the Bush-McCain Mutiny or rendered aid and comfort to the enemies of the United States.

*Id.* at 9. Mr. Weisman's letters reiterate his assertions about the importance of this country's bond rating. Dkt. No. 25; *see also* Dkt. No. 26 at 2; Dkt. No. 27.[1]

## II.    DISCUSSION

### A.    Legal Standards

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A pro se action is frivolous if the plaintiff cannot make a rational argument on

---

[1] Ordinarily, the Court would strike Ms. Weisman's letters because Local Civil Rule 7(b)(2) does not permit a party to file multiple briefs in opposition to a motion to dismiss. Here, the Court considers the letters only to the extent they shed light on Mr. Weisman's claims and consequently, whether leave to amend would be futile as discussed below.

1    the law and facts in support of their claim." *Weisman v. Hersman*, No. 2:24-cv-00828, 2024 WL

2    4227787, at *1 (W.D. Wash. Sept. 18, 2024). The standard for determining whether a plaintiff has

3    failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule

4    of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal

5    under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of

6    sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.,*

7    *Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

8         A pro se plaintiff's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89,

9    94, (2007) (per curiam), but like any other complaint, it must contain factual assertions sufficient

10   to support a facially plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

11   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible

12   when "the plaintiff pleads factual content that allows the court to draw the reasonable inference

13   that the defendant is liable for the misconduct alleged." *Id.* In applying these standards, courts

14   "consider only allegations contained in the pleadings, exhibits attached to the complaint, and

15   matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

16   2007).

17   **B.    The Court Dismisses the Petition without Leave to Amend**

18        The Mandamus Act grants district courts "original jurisdiction of any action in the nature

19   of mandamus to compel an officer or employee of the United States or any agency thereof to

20   perform a duty owed to the plaintiff." 28 U.S.C. § 1361.[2] However, that grant of jurisdiction "does

21   not expand the generally recognized scope of mandamus." *Nova Stylings, Inc. v. Ladd*, 695 F.2d

22

23   _____

24   [2] The complaint does not request a specific amount of back pay, *see* Dkt. No. 5 at 7, but if Mr. Weisman seeks backpay
     in excess of $10,000, the Federal Court of Claims has exclusive jurisdiction over his claims. *See, e.g.*, *Denton v.
     Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979).

ORDER GRANTING MOTION TO DISMISS - 4

1    1179, 1180 (9th Cir. 1983). "Consistent with the limitations that traditionally governed the

2    common-law writ of mandamus, an action under §1361 is thus 'intended to provide a remedy for

3    a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him

4    a clear nondiscretionary duty.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting

5    *Heckler v. Ringer*, 466 U.S. 602, 616, (1984)). In light of these limitations, mandamus relief "is

6    available only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is

7    nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt'; and (3) no other

8    adequate remedy is available." *Agua Caliente Tribe of Cupeño Indians of Pala Rsrv. v. Sweeney*,

9    932 F.3d 1207, 1216 (9th Cir. 2019) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)).

10   Consequently, to establish his entitlement to mandamus relief, Mr. Weisman had to plead that

11   these three requirements were met. *See Plaskett*, 18 F.4th at 1081.

12          However, Mr. Weisman has not pleaded any of the three requirements. He does not allege

13   that the Navy "had a clear, certain, and mandatory duty," *id.* at 1082, to appoint him to the rank of

14   captain with back pay to 1991, allow him "to serve indefinitely as commanding officer of the

15   aircraft carrier USS Independence," or to station that vessel at Puget Sound Naval Shipyard in

16   Bremerton, Dkt. No. 5 at 7–8. Mr. Weisman has failed to tie his requests for these forms of relief

17   to any legal claim or Naval duty. *See Plaskett*, 18 F.4th at 1081. Nor has he pleaded that he lacks

18   another adequate remedy. *See id.*[3] In addition, Mr. Weisman's fantastical factual allegations do

19   not come close to asserting a plausible claim. *See Iqbal*, 556 U.S. at 678 . He has thus failed to

20   state a claim for mandamus relief.

21

22

---

[3] Even if Mr. Weisman had alleged some inaccuracy with his Naval records impacting his rank or pay—which he did
23   not—the Court takes judicial notice of the fact that the Board for Correction of Naval Records is empowered to correct
errors or injustices in servicemembers' records. *See* https://www.secnav.navy.mil/mra/bcnr/pages/default.aspx; *see*
24   *also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information
"displayed publicly" on government websites).

There is no plausible claim that Mr. Weisman could assert based on his far-fetched allegations. Nor could he plead that he has "any inchoate entitlement" to the rank of captain, to command an aircraft carrier, or to restore this country's bond rating. *Plaskett*, 18 F.4th at 1084. Finally, Mr. Weisman has no right to have anyone prosecuted for treason or any other crime. *See* Dkt. No. 19 at 9; s*ee also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The Supreme Court has stated that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Based on the fantastical allegations in Mr. Weisman's pleadings, the Court finds that his complaint is factually frivolous. Accordingly, the Court denies leave to amend as futile. *See, e.g.*, *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *Vinh Hung Lam v. Citigroup, Inc.*, No. CV 08-4317 PA (JTLx), 2008 WL 11343432, at *2 (C.D. Cal. Aug. 18, 2008) (dismissing complaint alleging treason without leave to amend).

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the complaint without leave to amend. Dkt. No. 18.

Dated this 13th day of August, 2025.

Lauren King
United States District Judge